Argued and submitted May 31, 2002, affirmed January 28, 2004

FRED MEYER STORES, INC.,
a Delaware corporation,
*Respondent,*

*v.*

Craig R. GARRETT;
Progressive Campaigns, Inc.,
a California corporation;
John Does 1 Through 20;
and Jane Does 1 Through 20,
*Appellants.*

0007-06788; A113408

83 P3d 925

Per C. Olson argued the cause for appellants. With him on the briefs were Hoevet, Snyder & Boise, P.C., Eli D. Stutsman, and Eli D. Stutsman, P. C.

Charles F. Hinkle argued the cause for respondent. With him on the brief was Stoel Rives LLP.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Tiktin, Judge pro tempore.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff Fred Meyer Stores, Inc., sought declaratory and injunctive relief barring defendants Craig R. Garrett and Progressive Campaigns, Inc., from soliciting signatures for initiative petitions at its store at Southeast 39th Avenue and Hawthorne Boulevard in Portland (the Hawthorne store).[1] The trial court granted the injunction and defendants appeal. We write only to address defendants' first assignment of error. We reject the remaining assignments of error without discussion. We affirm.

The issue raised by the first assignment of error is whether petitioning activity on private property is protected under Article I, section 8, of the Oregon Constitution. Most Oregon cases that have addressed whether a person has a right to solicit petition signatures on private property have been decided under Article IV, section 1, of the Oregon Constitution.

Until recently, Oregon courts had held that, under certain circumstances, petitioning activity on private property was protected under Article IV, section 1, against state interference. *See, e.g., Lloyd Corporation v. Whiffen*, 315 Or 500, 511-15, 849 P2d 446 (1993); *State v. Cargill*, 100 Or App 336, 343-48, 786 P2d 208 (1990), *aff'd by an equally divided court*, 316 Or 492, 851 P2d 1141 (1993). The conditions that made petitioning on private property a constitutionally protected activity involved the characteristics of the property and whether the property owner had invited the public to treat portions of its property as public property. *See, e.g., Whiffen*, 315 Or at 509-15; *Fred Meyer, Inc. v. Klein Campaigns, Inc.*, 168 Or App 259, 266, 5 P3d 1194 (2000).

However, in *Stranahan v. Fred Meyer, Inc.*, 331 Or 38, 58-66, 11 P3d 228 (2000), the Supreme Court overruled the prior Oregon cases and held that Article IV, section 1, does not confer a right to solicit signatures for initiative petitions on private property over the objection of the property

---

[1] Plaintiff sought relief against a number of other defendants, but it dismissed its claims against them without prejudice. Consequently, the only defendants who are parties to the appeal are Garrett and Progressive Campaigns, Inc.

owner. Although some of the *amici* in *Stranahan* sought a decision on whether petitioning activity on private property was protected under Article I, section 8, against state interference, the court declined to address the issue because it concluded that the issue had not been adequately briefed. 331 Or at 66 n 19.

Defendants now ask us to resolve whether Article I, section 8, confers a right to solicit signatures for initiative petitions on private property. They rely on our decision in *Lloyd Corporation v. Whiffen*, 89 Or App 629, 637-39, 750 P2d 1157 (1988), *aff'd on other grounds*, 307 Or 674, 773 P2d 1294 (1989), as support for the proposition that the provision confers such a right. We need not resolve that issue, however, because, even if Article I, section 8, confers such a right, defendants have failed to establish that there is a triable issue of fact about whether the Hawthorne store has characteristics that would make it subject to the right that defendants claim.

Defendants contend that our cases that were decided under Article IV, section 1, before *Stranahan* provide the appropriate analysis to use to identify property that is subject to the right that they claim under Article I, section 8. We will assume for these purposes that defendants are correct. As defendants recognize, a central consideration in that analysis is the extent to which a property owner has invited the public to use its property for public rather than commercial purposes. We held in *Klein* that the Hawthorne store did not have characteristics sufficient to establish that Fred Meyer had "expressly or impliedly invited the public to use the Hawthorne store as a forum for public assembly." *Klein*, 168 Or App at 269.

Defendants have presented evidence to establish facts that they believe bear on the invitation that Fred Meyer has extended to the public. Those facts include the presence at the store of a number of facilities that people can use: two bulletin boards for posting notices and advertisements, an Oregon Lottery ticket dispenser, mail and UPS boxes, ATMs, public phones, a mechanical riding horse, and a seating area with tables in a delicatessen area of the store. The facts also include information that indicates that Fred Meyer markets

its stores as offering one-stop shopping by offering a wide selection of household and food products.

Although defendants have submitted facts in the summary judgment record beyond those that were at issue in *Klein*, the facts in the record fail to establish that the invitation that Fred Meyer extended to the public regarding use of the Hawthorne store is different from the invitation in *Klein*. We therefore conclude that the trial court did not err in entering declaratory and injunctive relief that rejected defendants' claimed right under Article I, section 8, to solicit petition signatures on the Hawthorne store property.

We reject without discussion defendants' remaining assignments of error.

Affirmed.